Citation Nr: 1523825 
Decision Date: 06/04/15 Archive Date: 06/16/15

DOCKET NO. 13-35 288 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), anxiety disorder, depressive disorder, social phobia, agoraphobia, and delusional (paranoid) disorder.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. D. Bruce, Associate Counsel





INTRODUCTION

The Veteran served on active duty from October 1977 to October 1981.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Des Moines, Iowa.

In April 2014, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record.

The appeal is REMANDED to the Agency of Original Jurisdiction. VA will notify the Veteran if further action is required.


REMAND

The Veteran asserts that he has a current acquired psychiatric disorder, specifically PTSD, as a result of a personal trauma in service. The Veteran underwent VA examination in connection with his claim in May 2012. The VA examiner diagnosed social phobia and generalized anxiety disorder, and indicated that the Veteran had a history of delusional disorder which had resolved. The VA examiner opined that the Veteran did not have PTSD because he did not meet all of the diagnostic criteria, and that none of the psychiatric disorders diagnosed were related to the Veteran's active duty service. However, the Board finds the May 2012 VA examination and opinion to be insufficient for purposes of determining service connection. Upon review, the Board finds that the Veteran's VA treatment records also reflect diagnoses of depressive disorder, agoraphobia, and active delusional (paranoid) disorder during the pendency of the appeal. See Clemons v. Shinseki, 
23 Vet. App. 1 (2009) (a claim cannot be considered confined to any one particular psychiatric diagnosis alone where varying diagnoses are reasonably raised by the record). As the VA examiner did not address all mental health diagnoses of record, including those listed in the Veteran's VA treatment records, and whether they may be related to service, the Board finds remand is warranted in order to obtain a new examination and opinion which specifically addresses the etiology of any and all acquired psychiatric disorders diagnosed during the pendency of the appeal. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided).

Additionally, as it appears the Veteran receives continuous treatment through VA, the Board finds the RO should obtain any VA treatment records dated from September 2013 to the present. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the record VA treatment records for the Veteran dated from September 2013 to the present. All actions to obtain the requested records should be documented fully in the claims file. If any records cannot be located or no such records exist, the Veteran should be so notified, and the unavailability of the records should be noted in the claims file.

2. Then, schedule the Veteran for a VA examination to determine the current nature and etiology of any acquired psychiatric disorder, to include PTSD, anxiety disorder, depressive disorder, social phobia, agoraphobia, and delusional (paranoid) disorder. The Veteran's claims file, to include a copy of this Remand, should be made available to the examiner in conjunction with the examination. Any medically indicated tests should be accomplished. After a review of the evidence, to include the Veteran's service treatment records, VA examination report and treatment records, Social Security Administration records, and with consideration of the Veteran's lay statements, the examiner should provide all diagnoses and an opinion as to whether it is at least as likely as not (50 percent probability or more) that any current acquired psychiatric disorder began in service, was caused by service, or is otherwise related to service. In this respect, the examiner should comment on all diagnoses of record during the pendency of the appeal, including PTSD, social phobia, and generalized anxiety disorder, and any other psychiatric diagnosis present or noted in the claims file. 

If PTSD is diagnosed, the examiner must indicate the specific stressor or stressors that led to the PTSD.

In formulating the opinion, the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it.

A complete rationale should be provided for any opinion or conclusion expressed.

3. Then, readjudicate the claim of entitlement to service connection for an acquired psychiatric disorder, to include PTSD, anxiety disorder, depressive disorder, social phobia, agoraphobia, and delusional (paranoid) disorder, issue the Veteran a Supplemental Statement of the Case, and provide a reasonable opportunity to respond before the case is returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).